# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-00063-09-CR-W-GAF |
| | ) | |
| MATTHEW DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now on this date the Court takes up for hearing Defendant Matthew Davis's Motion in Limine as to Evidentiary Issues and the Need for a Possible Severance (ECF No. 419). The Government appears by its attorney. Defendant Matthew Davis appears in person and by his attorney. Co-Defendant Timothy Kirlin appears in person, pro se.

Pursuant to Federal Rule of Evidence 804(b)(3), Mr. Davis moves for an order allowing Mark Reeder, the private investigator of Mr. Davis's attorney, to testify at trial as to information provided by Mr. Kirlin during an interview conducted by Mr. Reeder on February 6, 2012, under the theory that Mr. Kirlin is an unavailable witness.

Upon questioning by the Court, Mr. Kirlin stated that he does not intend to testify at trial. Thus, the Court finds that Mr. Kirlin is unavailable to the parties as a witness. When asked by the Court if he had any objection to Mr. Reeder testifying as to the statements made by him during the interview, Mr. Kirlin stated no objection beyond a general objection to the trial in its entirety. The Government then stated that it had no objection to Mr. Reeder testifying at trial as to the statements made by Mr. Kirlin during the interview.

IT IS THEREFORE ORDERED that:

(1) Defendant Matthew Davis's Motion in Limine as to Evidentiary Issues and the Need for a Possible Severance (ECF No. 419) is granted in part;

(2) Pursuant to Federal Rule of Evidence 804(b)(3), Mark Reeder may testify as to the statements made by Timothy Kirlin, an unavailable witness, during the interview conducted by Mr. Reeder on February 6, 2014 at the CCA pre-trial confinement facility in Leavenworth, Kansas;

(3) Mark Reeder may not testify as to any matters beyond those as set forth in this Order; and

(4) Defendant's motion in the alternative for severance is denied.

SO ORDERED.

Date: March 21, 2014  /s/ Dean Whipple
Dean Whipple
United States District Judge